IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL RINALDI,**             :
                                         :
            **Petitioner**           :       **CIVIL NO. 1:CV-12-01376**
                                           :
         **v.**                           :       **(Judge Rambo)**
                                           :
**J.E. THOMAS,**                  :
                                           :
            **Respondent**         :

**M E M O R A N D U M**

Petitioner Michael Rinaldi ("Rinaldi"), an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 17, 2012. (Doc. 1.)  In the petition, Rinaldi alleges that the Bureau of Prisons ("BOP") lacks "in personam [sic] jurisdiction over him and he should be released from custody."  (*Id*. at 3.)  He further claims that 18 U.S.C. § 4081, "Classification and Treatment of Prisoners," is not constitutionally valid.  (*Id*.)   For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

## I.     <u>Background</u>

Rinaldi is currently serving a sentence imposed by the United States District Court for the Middle District of Pennsylvania for conspiracy to distribute and

possession with intent to distribute cocaine and aiding and abetting; and possession of firearm by a convicted felon.  (Doc. 7 at 2.)  On November 21, 2011, Rinaldi was transferred from the Federal Correctional Institution at Victorville in Adelanto, California, to the Special Management Unit ("SMU") located at USP-Lewisburg. (*Id*.)  His projected release date is September 24, 2017, via good conduct time release. (*Id*.)

As stated above, Rinaldi filed the instant petition on July 17, 2012.  (Doc. 1.) On August 9, 2012, the court directed service of the petition.  (Doc. 5.)  Respondents answered the petition on August 29, 2012.  (Doc. 7.)  Further, Rinaldi filed a traverse on September 13, 2012.  (Doc. 8.)  Thus, the petition is ripe for disposition.

## II.  **Discussion**

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison.  *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973).  Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

2

In contrast, where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." *See Green v. Bledsoe*, Civ. No. 4:10-CV-0059, 2010 WL 1372409, at *1 (M.D. Pa. Apr. 5, 2010) (quoting *Suggs v. Bureau of Prisons*, Civ. No. 08-3613, 2008 WL 2966740, at *4 (D. N.J. July 31, 2008)).  Rather, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate." *Leamer*, 288 F.3d at 542.  Where a federal inmate is challenging the conditions of his confinement, the filing of a *Bivens*[1] action under 28 U.S.C. § 1331, the federal counterpart to a § 1983 action, is appropriate.

In the instant case, Petitioner's challenges to his classification and treatment in the SMU at USP-Lewisburg are not challenges to the fact or duration of his confinement.  He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully.  Rather, Petitioner is complaining that his placement and continued confinement in the SMU at USP-Lewisburg violate his constitutional rights.  This placement, however, does not affect the length of his sentence.  Further, a decision in his favor would not alter his sentence or undo his

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

3

conviction. Therefore, his claims are not properly asserted in a habeas petition brought under 28 U.S.C. § 2241, but rather could be pursued through the filing of a *Bivens* action brought under 28 U.S.C. § 1331. *See Bedenfield v. Lewisburg*, No. 10-1750, 2010 WL 3511507, at *1 (3d Cir. Sept. 9, 2010) ("Bedenfield's challenge to his placement in the SMU is analogous to the 'garden variety prison transfer' that we have indicated should be challenged in a civil rights action, not via a habeas petition"); *Green*, 2010 WL 1372409, at *2 (dismissing petitioner's § 2241 habeas petition challenging SMU placement as not cognizable under § 2241); *Woodruff v. Williamson*, Civ. No. 3:06-CV-2310, 2009 WL 703200, at *5 (M.D. Pa. Mar. 12, 2009) (same). Accordingly, the instant petition will be dismissed without prejudice to Petitioner's right to pursue his claims in a properly filed civil rights action.[2]

 An appropriate order will issue.

         s/Sylvia H. Rambo
        United States District Judge

Dated:  September 18, 2012.

---

[2]  The court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted in the instant petition.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-12–01376** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **WARDEN J.E. THOMAS,** | : | |
| | : | |
| **Respondent** | : | |

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of

jurisdiction.

2) The Clerk of Court is directed to **CLOSE** this case.


      s/Sylvia H. Rambo
      United States District Judge

Dated:  September 18, 2012.