IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL RINALDI, | CIVIL NO. 1:12-CV-1376 |
| Petitioner | (Judge Rambo) |
| v. | |
| WARDEN BLEDSOE, | |
| Respondent | |

**MEMORANDUM**

Before the court is Petitioner Michael Rinaldi's motion for reconsideration of the court's memorandum and order of September 18, 2012 (Doc. 9), dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. (Doc. 10.) For the reasons that follow, the instant motion (Doc. 10) will be denied.

I. **Background**

In the petition, Petitioner alleged that the Bureau of Prisons ("BOP") lacks "in personam [sic] jurisdiction over him and he should be released from custody." (Doc. 1 at 3.) He further claimed that 18 U.S.C. § 4081, "Classification and Treatment of Prisoners," is not constitutionally valid. (*Id.*) As relief, Petitioner sought release from custody.

On August 29, 2012, Respondent filed a response to the petition. (Doc. 7.) After Petitioner filed a traverse, (Doc. 8), the court issued a memorandum and order on September 18, 2012, dismissing the petition for lack of jurisdiction, (Doc. 9). Specifically, the court concluded that Petitioner's challenges to his classification and treatment while in confinement were not challenges to the fact or duration of his confinement, and therefore his claims were not properly brought in a habeas petition. (Doc. 9.) The court also found that a decision in Petitioner's favor would not alter his sentence or undo his conviction. (*Id.*) Therefore, without expressing an opinion as to the merits of Petitioner's claims, the court dismissed the petition without prejudice to Petitioner's right to pursue his claims in a properly filed civil rights action. (*Id.*)

Petitioner filed the instant motion for reconsideration on September 25, 2012. (Doc. 10.) In the motion, Petitioner claims that he is, in fact, challenging the fact of his confinement, and, more specifically, the BOP's authority to confine him in any facility. (Doc. 11.) Respondent filed a brief in opposition on October 5, 2012. (Doc. 12.) Petitioner did not file a reply, thus the motion is ripe for disposition. After careful review, the court will deny the motion for reconsideration.

## II. Discussion

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within

2

twenty-eight (28) days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, reconsideration of judgment is an extraordinary remedy, and such motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Applying the standard used when a party seeks reconsideration, the court concludes that Petitioner has not demonstrated any of the applicable grounds for

reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Further, Petitioner's restated arguments regarding his claims do not constitute new evidence that was unavailable when the court determined that it lacked jurisdiction to consider the claims under 28 U.S.C. § 2241. Again, Petitioner was not claiming that his judgment of conviction was invalid or that he is being confined in prison unlawfully due to some flaw in his criminal proceedings. Rather, Petitioner was complaining that his continued confinement has violated his constitutional rights. Thus, dismissal of the petition for lack of jurisdiction was proper. While Petitioner may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

*s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: January 7, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RINALDI, | : | CIVIL NO. 1:12-CV-1376 |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| WARDEN BLEDSOE, | : | |
| Respondent | : | |

## ORDER

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 10) is **DENIED**.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: January 7, 2013.